**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2801

_____

ANTHONY TWITTY,
Appellant

v.

MARGETT BARNS, C.R.N.P.; CASEY THORNLEY, C.R.N.P.;
DR. MUHAMMAD NAJI; TERRI SECHRENGOST, C.H.C.A.;
DIRECTOR, CEO OR PRESIDENT OF WELL PATH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:20-cv-00142)
District Judge: Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 8, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: May 12, 2023)

_____

PER CURIAM

Appellant Anthony Twitty, a prisoner proceeding pro se, appeals from the District Court's order adopting the Report and Recommendation ("R&R") of a Magistrate Judge, which recommended, inter alia, that the defendants' motions for summary judgment be granted. For the reasons that follow, we will affirm the judgment of the District Court.

Twitty filed an in forma pauperis complaint in September 2020 against three prison medical providers, a prison medical administrator, and Well Path, the medical services provider at the prison.[1] Dkt. No. 9. Twitty sought $250,000 in damages and injunctive and declaratory relief for alleged medical malpractice and professional negligence and violations of the Eighth Amendment to the U.S. Constitution. Id. at 3, 22; Dkt. No. 68 at 7. Specifically, he claimed that the medical providers acted negligently and deliberately indifferently in denying him adequate testing and treatment for his serious gastrointestinal issues; the administrator acted deliberately indifferently by failing to adequately respond to or investigate his complaints, Dkt. No. 9 at 3-4; Dkt. No. 68 at 5; and that Well Path was liable because it failed to adequately train and supervise the medical providers, Dkt. No. 68 at 1, 6-7.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Twitty named the "Director, CEO or President of Well Path" as a defendant. Dkt. No. 9 at 2. However, his allegations are against the provider in general rather than an individual leader. Id. at 4; Dkt. No. 68 at 7.

The defendants moved for summary judgment. Dkt. Nos. 79 & 87. A Magistrate Judge recommended granting the motions as to Twitty's Eighth Amendment claims and declining to exercise supplemental jurisdiction over Twitty's state law claims. Dkt. No. 114. In his objections to the R&R, Twitty contended that the District Court erred in failing to appoint an expert to review his medical records. Dkt. No. 119. The District Court, over Twitty's objections, entered an order adopting the Magistrate Judge's R&R in its entirety and granted the defendants' motions for summary judgment. Dkt. No. 123. Twitty filed this timely appeal.

On appeal, Twitty argues that the District Court erred in concluding that the defendants did not act with deliberate indifference to his medical needs, as the actions of the defendants exacerbated his pain and the severity of his condition. C.A. Dkt. No. 17 at 4. He also contends that the District Court's ruling was in error because, by denying his request for the appointment of an expert witness to testify about the effects of the defendants' actions on his health, the District Court prohibited Twitty from gathering relevant information to support his claim. Id. at 3.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion for summary judgment de novo, Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021), and review for abuse of discretion the District Court's decisions to deny Twitty's request for an expert,[2] see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 299-300 (3d Cir. 2005).

---

[2] We do not review issues Twitty has not raised on appeal, such as the District Court's decision to decline supplemental jurisdiction over Twitty's state law claims. See Barna v.

First, the District Court correctly granted summary judgment for the medical providers regarding Twitty's allegations that they were deliberately indifferent to his serious gastrointestinal issues. It is undisputed that prison medical personnel consistently addressed Twitty's health problems by allowing him access to specialists and tests, responding to his sick calls, prescribing him medication, and performing physical examinations.[3] White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.") (citations omitted); id. at 110 (explaining that "mere disagreements over medical judgment do not state Eighth Amendment claims[,]" including disagreements between doctors) (citations omitted). To the extent Twitty alleges that the medical providers were deliberately indifferent in delaying preparation for his scheduled colonoscopy, causing the procedure to be rescheduled, there is no indication that the providers intentionally delayed his appointment.[4] See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

---

Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument).

[3] The District Court was also correct to grant summary judgment for the medical administrator because the administrator was aware that Twitty was consistently receiving care, and Twitty's claim against her was premised on his mere disagreement with his treatment rather than any deliberate indifference to his serious medical needs. See White, 897 F.2d at 108-10.

[4] Because Twitty failed to establish a violation of the Eighth Amendment, the District Court was correct to grant summary judgment for Well Path, as an underlying constitutional violation must occur to show liability based on the failure to train employees under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). See

4

Second, the District Court did not abuse its discretion in denying Twitty's request for the appointment of an expert to review his medical records. In determining whether the defendants were deliberately indifferent, the District Court did not need an expert to assess Twitty's medical issue, which was undisputedly "serious" for the purposes of the deliberate indifference inquiry. And the District Court had the benefit of a record replete with information about Twitty's extensive medical treatment and each of the defendants' actions relating to that treatment that allowed it to conduct a subjective inquiry into the defendants' states of mind. See Pearson v. Prison Health Serv., 850 F.3d 526, 535-37 (3d Cir. 2017) ("[The] defendant's state of mind [is] a subjective inquiry that can be proven circumstantially without expert testimony."); see also id. at 535 (explaining that deliberate indifference can "be proven through circumstantial evidence and witness testimony"). An expert was unnecessary for the task.[5] Further, because the District Court declined to exercise jurisdiction over Twitty's state law claims, it did not have to consider whether an expert was required for adjudication of those claims.[6]

---

Collins v. City of Harker Heights, 503 U.S. 115, 121-22 (1992).

[5] Twitty asserts that the District Court's denial of his request for an expert showed bias. C.A. Dkt. No. 17 at 3. However, this claim is not supported by the record. Cf. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal[.]") (citation omitted).

[6] Twitty also argues that the District Court "allowed the [Appellees'] to violate [his] rights" under the Health Insurance Portability and Accountability Act ("HIPAA") by allowing them to send his medical information via a third-party mail vendor. C.A. Dkt. No. 17 at 5. Twitty initially contended that the defendants violated his rights under HIPAA in his motion for reconsideration of the District Court's order denying his motion for counsel. Dkt. No. 85 at 2. In response, the District Court informed Twitty that the Pennsylvania

Accordingly, we will affirm the judgment of the District Court.

Department of Corrections uses a third-party mail vendor for all prisoner mail, except communications from one's own attorney, and use of this vendor does not violate HIPAA. Dkt. No. 86. We discern no error in this response.